UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Case Action No. 5:20-cv-201

| | |
|---|---|
| RACHEL JENNINGS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL PATRICK PRESLAR, )<br>)<br>Defendant. ) | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** |

In support of his Motion to Dismiss for failure to state a claim upon which relief may be granted, Defendant Michael Patrick Preslar ("Preslar") submits as follows:

**SUMMARY OF NATURE OF THE CASE**

In her Complaint, Plaintiff Rachel Jennings ("Plaintiff" or "Jennings") alleges a cause of action for battery, which she claims is timely under the provisions of SL 2019-245, § 4.2(b), enacted November 7, 2019. D.E. 1, at ¶¶ 18, 28. SL 2019-245, § 4.2(b) states that, "[e]ffective from January 1, 2020, until December 31, 2021, this section revives any civil action for child sexual abuse otherwise time-barred under G.S. 1-52 as it existed immediately before the enactment of this act." SL 2019-245, § 4.2(b). However, under the North Carolina Constitution and North Carolina law, a cause of action already lapsed cannot be revived retroactively and this action must be dismissed.

**STATEMENT OF RELEVANT FACTS & PROCEDURAL BACKGROUND**

Plaintiff alleges that she is a citizen and resident of the state of Montana. Preslar is a resident of Wake County, North Carolina. Preslar is married to Shelley Preslar ("Shelley"), his

wife of over 25 years. Preslar and Shelley hired Plaintiff to babysit for their two children (at the time) in the late 1990s. Because of difficulties in her own home life, Plaintiff often stayed overnight with the Preslars, and even lived with the Preslars in Wilmington, North Carolina, beginning around February of 2000. Plaintiff attended Laney High School in Wilmington during that time.

In her Complaint, Plaintiff alleges that Preslar "'dared' [Jennings] to perform oral sex on him . . . which she did" in December 1997 when Plaintiff was 14 years old and Preslar was 28. D.E. 1, at ¶ 6. Plaintiff also alleges that Preslar forcibly raped her in February 1998 when she was 15 years old. D.E. 1, at ¶ 8. Preslar unequivocally denies these allegations.

Because Jennings alleges that she was 14 years old in December 1997 and turned 15 years old before February 1998, upon information and belief, her birthday is sometime between December 1, 1983 and February 14, 1984.

Session Law 2019-245, § 4.2(b) upon which Plaintiff relies was enacted November 7, 2019. SL 2019-245, § 4.2(b) states that, "[e]ffective from January 1, 2020, until December 31, 2021, this section revives any civil action for child sexual abuse otherwise time-barred under G.S. 1-52 as it existed immediately before the enactment of this act." SL 2019-245, § 4.2(b).

Between the late 1990s and early 2000s, the statute of limitations for a civil cause of action of battery for child sexual abuse was three years. *See* N.C.G.S. § 1-52(5) (eff. July 15, 1997) (the statute of limitations is three years in an action "for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated."); N.C.G.S. § 1-52(19) (the statute of limitations is three years in an action "[f]or assault, battery, or false imprisonment.") (eff. Oct. 1, 2001). This statute of limitations was tolled for the period of time

an individual was a minor. N.C.G.S. § 1-17(a)(1). Accordingly, the statute of limitations for Jennings's claim lapsed sometime between December 1, 2004 and February 14, 2005, more than fifteen years ago.

Under the North Carolina Constitution and North Carolina law, this cause of action cannot be revived retroactively.

## STANDARD OF REVIEW

The Court is familiar with the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. *Twombly*, 550 U.S. at 556. In evaluating the complaint, "[t]he court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

"A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the face of the complaint includes all necessary facts for the defense to prevail." *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577

(4th Cir. 2017) (citation omitted). As demonstrated herein, Plaintiff cannot meet the standard for pleading a plausible cause of action for civil battery, and her Complaint should be dismissed.

## ARGUMENT

**I.   The Statute of Limitations Has Lapsed, and Plaintiff's Complaint Must Be Dismissed.**

The Complaint fails to state a claim upon which relief can be granted and must be dismissed. Fed. R. Civ. P. 12(b)(6). The face of Plaintiff's Complaint reveals all necessary facts for this procedural defense to prevail.[1]

Plaintiff alleges that the battery occurred in December 1997, when she was 14 years old, and February 1998, when she was 15 years old. Assuming that the dates alleged in the Complaint are true, Plaintiff would have turned 18 years old sometime between December 1, 2001 and February 14, 2002. At that time, the statute of limitations for a civil cause of action of battery for child sexual abuse was three years. *See* N.C.G.S. § 1-52(5) (eff. July 15, 1997); N.C.G.S. § 1-52(19) (eff. Oct. 1, 2001). Pursuant to N.C.G.S. § 1-17(a)(1), the statute of limitations was tolled for the period of time that Plaintiff was a minor. Accordingly, the statute of limitations for any claim Plaintiff may have had lapsed sometime between December 1, 2004 and February 14, 2005.

Accepting the dates contained in the Complaint as true - which Preslar denies along with all other factual allegations - Plaintiff's claims have been barred by the applicable statutes of limitations for more than fifteen years. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and her Complaint must be dismissed.

---

[1]   Preslar makes no admission as to the truth of any allegation contained in Plaintiff's complaint and specifically denies the same. Preslar reserves the right to assert any and all additional legal and factual defenses in his Answer to the Complaint.

## II. The North Carolina Legislature Lacks the Authority to Revive a Time-barred Cause of Action.

Although Plaintiff's cause of action was barred sometime between December 1, 2004 and February 14, 2005, the North Carolina Legislature now purports to retroactively revive the time-barred claim through SL 2019-245, which was enacted on November 7, 2019. SL 2019-245, § 4.2(b) states that, "[e]ffective from January 1, 2020, until December 31, 2021, this section revives any civil action for child sexual abuse otherwise time-barred under G.S. 1-52 as it existed immediately before the enactment of this act." SL 2019-245, § 4.2(b). Despite its effort, the North Carolina Legislature lacks authority to revive time-barred claims, as it attempts to do with SL 2019-245, § 4.2(b).

Retroactive revival of a time-barred claim violates the North Carolina State Constitution, and an unconstitutional law is treated by the courts as null and void. *See Bd. of Liquidation v. McComb*, 92 U.S. 531, 532 (1875). This principle is supported by established North Carolina precedent and the principles of due process and vested rights reflected by specific provisions of the North Carolina State Constitution. Further, a number of state courts across the country have likewise found that similar laws reviving previously time-barred claims are impermissible under their state constitutions.

### A. Brief Overview of State Child Sexual Abuse Statutes.

There have been several waves of reforms over the past thirty years related to the implementation of child sexual abuse acts. The first wave from the early 1990s to 2006 focused predominantly on the introduction of federal and state sex offender laws following several high-profile child kidnappings and murders. *See* Alexandra Hunstein Roffman, *The Evolution and Unintended Consequences of Legal Responses to Childhood Sexual Abuse: Seeking Justice*

*and Prevention*, 34 Children's Legal Rights J. 301, 305-17 (2014), available at http://lawecommons.luc.edu/clrj/vol34/iss3/6. In 2019, 23 states and the District of Columbia enacted laws amending criminal and/or civil statutes of limitation related to child sex abuse. ChildUSA, 2019 SOL Summary, (last viewed July 16, 2020), available at https://childusa.org/2019sol/. Of these, 17 states and the District enacted civil revival laws, either expanding the statute of limitations to bring a civil lawsuit, opening a revival window within which to bring expired claims, or both. *Id.* As discussed above, North Carolina's General Assembly attempted to do both with SL 2019-245.

Contemporary economic and sociological public policies disfavor extension of and amendments to existing statutes of limitation. Various persons and entities, including state public defenders' offices and legislators, have expressed major concerns that "if old claims are allowed to be raised, evidence would be difficult, if not impossible, to locate, witnesses' memories will have faded, and facts will have been forgotten." Roffman, *supra*, at 22 (internal citation omitted). Likewise in the civil law context, the lack of available evidence - due solely to the passage of time - makes it difficult to fairly defend oneself where there is no finite period of time in which such a claim might be brought. Even courts holding contrary recognize that statutes of limitations "prevent stale claims and unnecessary delays in the presentation of issues, and serve the salutary purpose of allowing persons, after the lapse of a reasonable time, to plain their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability." *Doe v. Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 435-36, 119 A.3d 462, 514 (2015).

More importantly, the constitutionality of these revival laws and window-revival laws has been questioned well before (and since) 2019. Specifically, as of 2015, at least twenty-four states - including three of the four states within the Fourth Circuit: North Carolina, South Carolina, and Virginia - have held that legislation that retroactively amends a statute of limitations in a way that revives time-barred claims is *per se* invalid. *See Johnson v. Garlock, Inc.*, 682 So.2d 25, 28 (Ala. 1996); *Johnson v. Lilly*, 308 Ark. 201, 203–204, 823 S.W.2d 883 (1992); *Jefferson County Dept. of Social Services v. D.A.G.*, 199 Colo. 315, 317–18, 607 P.2d 1004 (1980); *Wiley v. Roof*, 641 So.2d 66, 68–69 (Fla. 1994); *Doe A. v. Diocese of Dallas*, 234 Ill.2d 393, 409, 334 Ill.Dec. 649, 917 N.E.2d 475 (2009); *Green v. Karol*, 168 Ind.App. 467, 477, 344 N.E.2d 106 (1976); *Johnson v. Gans Furniture Industries, Inc.*, 114 S.W.3d 850, 854-55 (Ky. 2003); *Henry v. SBA Shipyard, Inc.*, 24 So.3d 956, 960–61 (La. App. 2009) (*en banc*), *writ denied*, 27 So.3d 853 (La. 2010); *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me. 1980); *Doe v. Roman Catholic Diocese*, 862 S.W.2d 338, 341–42 (Mo. 1993); *Givens v. Anchor Packing, Inc.*, 237 Neb. 565, 571–72, 466 N.W.2d 771 (1991); *Colony Hill Condominium I Assn. v. Colony Co.*, 70 N.C.App. 390, 394, 320 S.E.2d 273 (1984); *Gould v. Concord Hospital*, 126 N.H. 405, 408, 493 A.2d 1193 (1985); *Wright v. Keiser*, 568 P.2d 1262, 1267 (Okla. 1977); *Nichols v. Wilbur*, 256 Or. 418, 419-20, 473 P.2d 1022 (1970); *Maycock v. Gravely Corp.*, 352 Pa.Super. 421, 427, 508 A.2d 330 (1986), *appeal denied*, 514 Pa. 618, 521 A.2d 932 (1987); *Kelly v. Marcantonio*, 678 A.2d 873, 883 (R.I.1996); *Doe v. Crooks*, 364 S.C. 349, 351–52, 613 S.E.2d 536 (2005); *State of Minnesota ex rel. Hove v. Doese*, 501 N.W.2d 366, 370 (S.D.1993); *Ford Motor Co. v. Moulton*, 511 S.W.2d 690, 696-97 (Tenn.), *cert. denied*, 419 U.S. 870, 95 S.Ct. 129 (1974) (*but see Murphree v. Raybestos-Manhattan, Inc.*, 696 F.2d 459, 462 (6th Cir. 1982) (wherein the Sixth

Circuit declined to follow Tennessee's high court's decision in *Moulton*, noting a change in membership of the Tennessee Supreme Court and subsequent decisions quoting from the dissent in *Moulton*)); *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999); *Roark v. Crabtree*, 893 P.2d 1058, 1062–63 (Utah 1995); *Starnes v. Cayouette*, 244 Va. 202, 212, 419 S.E.2d 669 (1992); *Murray v. Luzenac Corp.*, 175 Vt. 529, 530-31, 830 A.2d 1 (2003). *See also Woodroffe v. Hasenclever*, 540 N.W.2d 45 (Iowa 1995) (holding statute governing time limitation for bringing claim of child sexual abuse was not retroactive to revitalize previously barred claims).

Of the states that have held retroactive revival legislation invalid, the most recent to do so was Utah. *Mitchell*, -- P.3d --, 2020 WL 3118607 (Utah June 11, 2020). *Mitchell*, discussed further below, confronted the specific question before this Court today: namely, the constitutionality of a statute attempting to revive an otherwise time-barred civil cause of action for child sexual abuse. *Id.* In *Mitchell*, the Utah Supreme Court, answering on certification, held that "the Utah Legislature is constitutionally prohibited from retroactively reviving a time-barred claim in a manner depriving a defendant of a vested statute of limitations defense." *Id.* at *2.

Other district courts presented with this question have frequently certified the question to the state's highest court. *Id*. As this Court is well aware, North Carolina is the only state that does not have a procedure for certifying questions to the State Supreme Court. *See United States v. Kelly*, 917 F.Supp.2d 553, 560-61 (W.D.N.C. 2013). Accordingly, this Court must look to North Carolina Supreme Court precedent in addressing the questions presented in this matter.

    B.    <u>Under N.C. Supreme Court Precedent, the General Assembly Is Barred from Retroactively Reviving Statutes of Limitations</u>.

Under the State Constitution and North Carolina precedent, the North Carolina General Assembly is constitutionally prohibited from retroactively reviving a time-barred claim in a manner that deprives a defendant of a vested statute of limitations defense.

Article I, § 19 of the North Carolina State Constitution guarantees that the State shall not deprive any person of life, liberty or property. N.C. Const. Art. I, § 19. North Carolina courts have uniformly held that the retroactive expansion of the statute of limitations, which revives an otherwise time-lapsed claim, is an incursion on a vested property right that amounts to a *per se* violation of substantive due process. *Colony Hill Condominium I Ass'n v. Colony Co.*, 70 N.C. App. 390, 394, 320 S.E.2d 273, 276 (1984) ("[A] revival of the defendants' liability to suit, long after they have been statutorily entitled to believe it does not exist, and have discarded evidence and lost touch with witnesses, would be prejudicial as to deprive them of due process.").

One of North Carolina's first articulations of the "vested rights" limitations on legislative power came in *Johnson v. Winslow*, 63 N.C. 552 (1869). In *Johnson*, the North Carolina Supreme Court was presented with the constitutionality of a legislative act suspending the statute of limitations in actions on unsealed contracts **prospectively** beginning September 1, 1861 until January 1, 1870. *Id.* at 553. The Court held that "the Legislature has the power to suspend the operation of the Statute **prospectively**, so as to prevent its barring rights. This does not impair the obligation of contracts, or interfere with vested rights." *Id.* (emphasis added). Yet, the Court warned that "it [is] true that the Legislature has no power to revive a right of action after it has been barred." *Id.* (citing Cooley on Const. Lim. 391); *see also id.* 553-54 (citing Cooley on Const. Lim. 369 ("He who has satisfied a demand, cannot have it revived against him; and he

who has been released from a demand by operation of the Statute of Limitations, is equally protected.")).

*Johnson* was closely followed by *Whitehurst v. Dey*, in which James M. Ferebee died in 1874 owing money to the plaintiff. 90 N.C. 542 (1884). The plaintiff filed a claim against defendant, Mr. Ferebee's estate, for payment of the sums owed, but when it was not paid by 1883, the plaintiff filed suit. *Id.* at 542-43. A statute was enacted in 1881 eliminating the counting - as against the statute of limitations - of any time after the claim was filed. *Id.* at 544. The statute specifically noted that "this shall apply to claims already filed." *Id.* (citing N.C. Code § 164 (1881)). The North Carolina Supreme Court held that the clause may be reasonably interpreted to apply only to claims already filed but which had not yet become time-barred, noting that an alternative interpretation "infringes upon the [C]onstitution." *Id.* at 545. The Court held that the former interpretation "will be accepted as its meaning; because it will not be supposed that an unauthorized power was intended to be exercised." *Id.* Further still, the Court noted that "the legislature may extend the time or shorten it, leaving a reasonable interval, in which the plaintiff may and must pursue his remedy against his delinquent debtor **before** the statutory bar has become a full defense." *Id.* (emphasis in original).

Case law decided after *Johnson* and *Whitehurst*, is in accord. *See Trustees of Rowan Technical College v. J. Hyatt Hammond Assoc., Inc.*, 313 N.C. 230, 328 S.E.2d 274 (1985) (holding that "[i]f plaintiff's claim was already barred when [the] amended [statute] became effective, it could not be revived by the amendments." (citation omitted)); *Colony Hill*, 70 N.C. App. at 394, 320 S.E.2d at 276 ("Failure to file within that period gives the defendant a vested right not to be sued . . . [and s]uch a vested right cannot be impaired by the retroactive effect of a

later statute." (internal citations omitted)); *Troy's Stereo Center, Inc. v. Hodson*, 39 N.C. 591 (1979) ("While the General Assembly may extend at will the time within which a right may be asserted or a remedy invoked so long as it is not already barred by an existing statute, an action already barred by the statute of limitations may not be revived by an act of the legislature." (citation omitted)); *Waldrop v. Hodges*, 230 N.C. 370, 373 (1949) ("A right or remedy, once barred by a statute of limitations, may not be revived by an Act of the General Assembly.") (citations omitted); *Wilkes County v. Forester*, 204 N.C. 163, 167 S.E. 691, 694 (1933) ("where the question is as to the removal of the bar of the statute of limitations by legislative act passed after the bar has become perfect, such act deprives the party of his property without due process of law."); *Wilkes County*, at 695 ("Whatever may be the holdings in other jurisdictions, we think this jurisdiction is committed to the rule that an enabling statute to revive a cause of action barred by the statute of limitations is inoperative and of no avail.").

Given this long-standing and unwavering precedent upholding a "vested rights" limitation on the state's legislative power, North Carolina precedent merits respect as a matter of *stare decisis*. To the extent that N.C. Session Law 2019-245 purports to retroactively expand the statute of limitation for civil battery for child sexual abuse, it violates the North Carolina Constitution and principles of *stare decisis*.

    C.    <u>The Original Understanding of Due Process and Vested Rights Supports North Carolina's Recognition of the Limitations on Legislative Authority to Enact Revival Legislation</u>.

A "vested right" was defined by Thomas Cooley, the preeminent, late nineteenth century authority on state constitutional matters, as "something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws: it must have become

a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Mitchell*, at \*10 (citing Thomas M. Cooley, *A Treatise on the Constitutional Limitations Which Rest upon the Legislative Power of the States of the American Union* 415 (3d ed. 1874)).

The Supreme Court of Utah[2] issued the most recent opinion to address legislative amendments to the statute of limitations for civil actions involving child sexual abuse in *Mitchell v. Roberts*, -- P.3d --, 2020 WL 3118607 (June 11, 2020). Like North Carolina, Utah has historically held that, as a matter of state constitutional law, the retroactive expansion of a statute of limitations which revives an otherwise time-lapsed claim, is an incursion on a vested property right that amounts to a *per se* violation of substantive due process. *See Roark v. Crabtree*, 893 P.2d 1058, 1062-63 (Utah 1995). In *Mitchell*, the plaintiff asserted civil claims against the defendant arising out of allegations that the defendant sexually abused the plaintiff in 1981 when she was sixteen years old. *Id.* at \*1. Although the plaintiff conceded that her claims had expired under the statute of limitations in effect at the time they arose, thirty-five years later, in 2016 the Utah legislature enacted a law permitting the claims to be brought "even if time barred as of July 1, 2016." *Id.* The plaintiff claimed the revised law revived her claims. *Id.* The Utah Supreme Court held otherwise.

Importantly, the Utah Court recognized the sensitive nature of child sexual abuse claims, stating "[w]e would . . . uphold the legislature's decision if the question went merely to the reasonableness of its policy judgment. But that is not the question presented for our review,"

---

2   The case was before the Utah Supreme Court on certification from the United States District Court for the District of Utah.

which was the due process clause of the Utah Constitution. *Id.*³ On that question, the Utah Court ruled that, "the Utah Legislature is constitutionally prohibited from retroactively reviving a time-barred claim in a manner depriving a defendant of a vested statute of limitations defense" on the grounds of *stare decisis* and confirmed by the "founding-era understanding of 'due process' and 'legislative power.'" *Id.* at *2. In so ruling, the Court looked first to Utah Supreme Court precedent, which, like North Carolina's, uniformly recognizes a "vested rights" limitation on legislative power. *Id.* at *3. Next, the Court confirmed that the original understanding, at the time the Utah Constitution was enacted, of the principles of "legislative power" and the state constitutional right to "due process" supported the state's long-standing case law. *Id.* at *7. Indeed, the Utah Court held that, historically, there were "key limitations" on the powers of the three branches of government: the executive to enforce the law, the judiciary to adjudicate cases under existing law, and the legislature to enact general laws. *Id.* The Court recognized that "[t]he guarantee of due process, as originally understood, is a principle for enforcement of these limitations . . . [and] the due process guarantee has long been understood as a limitation on the legislative power - a prohibition of legislative acts that retrospectively divest a person of vested rights lawfully acquired under pre-existing law." *Id.* This was considered to be within the judicial power of deciding individual cases. *Id.* at *8 ("Retroactive divestment statutes were viewed as judicial in nature . . . because these laws were backward looking and operated to deprive individuals of rights and property 'acquired under the rules in place at the time' of acquisition.") (citing Nathan S. Chapman & Michael W. McConnell, *Due Process as Separation of Powers*,

---

³       Likewise here, Preslar notes that the subject matter before this Court is of a highly sensitive nature. However, as in the Utah case, the question before this Court is not the reasonableness of the North Carolina General Assembly's policy, but rather whether that body is empowered to enact retroactive revival legislation. North Carolina precedent shows that it is not.

121 Yale L.J. 1672, 1782 (2012)); *see also id.* ("Because divestment statutes operated to confiscate or vitiate previously vested rights, the nineteenth-century public viewed these laws as 'judicial decrees in disguise.'") (citing Nathan N. Frost, et al., *Courts over Constitutions Revisited: Unwritten Constitutionalism in the States*, 2004 UTAH L. REV. 333, 382 (2004)).

As discussed above, North Carolina state precedent also recognizes this "due process" limitation on the powers of the State's legislative body, the General Assembly. *See e.g.*, *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C.App. 390, 394, 320 S.E.2d 273 (1984). The State Supreme Court has interpreted several provisions of the North Carolina Constitutions as guarantees of "due process." *See State v. Collins*, 169 N.C. 323, 84 S.E. 1049 (1915) ("The 'law of the land' [in N.C. Const. Art. I, § 17] is equivalent to 'due process of law.'"); N.C. Const. Art. I, § 1 ("That we hold it to be self evident that all persons are created equal; that they are endowed by their creator with certain inalienable rights; that among those are life, liberty and the enjoyment of the fruits of their own labor, and the pursuit of happiness."); N.C. Const. Art. I, § 29 ("A frequent recurrence of fundamental principles is absolutely necessary to preserve the blessings of liberty."). These interpretations, together with case law, confirm that early North Carolinians viewed the guarantee of due process as a limitation on legislative power. And the due process guarantee prohibits legislative acts in violation of a person's rights once vested.

Accordingly, pursuant to North Carolina law and the understanding of the framers of the North Carolina Constitution, a ripened limitations defense is a vested right that cannot be retroactively divested by the General Assembly.

-14-
Case 5:20-cv-00201-FL   Document 9   Filed 07/20/20   Page 14 of 16

## CONCLUSION

For the foregoing reasons, Preslar respectfully moves this Court to dismiss the Complaint as time-barred.

Respectfully submitted, this the 20th day of July, 2020.

>DYSART WILLIS HOUCHIN & HUBBARD
>
>*/s/ Meredith W. Hubbard*
>Meredith W. Hubbard
>NC Bar 38599
>Joseph E. Houchin
>NC Bar 42915
>Dysart Willis Houchin & Hubbard, PLLC
>530 Hillsborough Street, Suite 200
>Raleigh, NC 27603
>Tel: 919.747.8380
>Fax: 919.882.1222
>meredith@dysartwillis.com
>joe@dysartwillis.com
>
>*Attorneys for Defendant Michael Patrick Preslar*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2020, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Andrew L. Fitzgerald
>Fitzgerald Litigation
>119 Brookstown Avenue, Suite 402
>Winston-Salem, NC 27101
>andy@fitzgeraldlitigation.com

I further certify that the foregoing was served upon Joshua Stein, the Attorney General for the State of North Carolina, by mailing a copy thereof with the proper postage attached, via certified mail, return receipt requested to the following address:

The Honorable Joshua Stein
North Carolina Attorney General
114 West Edenton Street
Raleigh, North Carolina  27602

>*/s/ Meredith W. Hubbard*
>Meredith W. Hubbard
>NC Bar 38599
>Dysart Willis Houchin & Hubbard, PLLC
>530 Hillsborough Street, Suite 200
>Raleigh, NC  27603
>Tel: 919.747.8380
>Fax: 919.882.1222
>meredith@dysartwillis.com
>
>*Attorney for Defendant Michael Patrick Preslar*