IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-201-FL

| | | |
|---|---|---|
| RACHEL JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL PATRICK PRESLAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 8), and plaintiff's motion to stay this action (DE 12). The issues raised have been briefed fully and, in this posture, are ripe for ruling. For the following reasons, plaintiff's motion to stay is granted, and defendant's motion to dismiss is denied without prejudice to renewal, if appropriate.

## STATEMENT OF THE CASE

Plaintiff commenced this action May 15, 2020, asserting a battery claim against defendant, based upon allegations of rape and sexual assault dating back to the 1990s. Plaintiff alleges that her claim is timely under North Carolina Session Law 2019-245, § 4.2(b) ("S.L. 2019-245"), which revives for a two-year period civil actions for child sexual abuse that are otherwise time-barred. See N.C. Sess. Law 2019-245, § 4.2(b). Proceeding on the basis of diversity jurisdiction, plaintiff seeks compensatory and punitive damages, as well as costs and attorneys' fees.

On July 20, 2020, defendant filed the instant motion to dismiss, arguing that S.L. 2019-245 violates the North Carolina Constitution. Plaintiff responded in opposition to defendant's motion on

August 28, 2020, and defendant replied in support on September 11, 2020. In the meantime, on August 10, 2020, plaintiff filed the instant motion to stay pending decision by North Carolina state courts as to the constitutionality of S.L. 2019-245. In support, plaintiff references order entered in Joseph Cryan et al. v. Nat'l Council of Young Men's Christian Ass'n of the United States of America et al., 17-CVS-7610 (N.C. Super. Ct. July 21, 2020), certifying a constitutional challenge of S.L. 2019-245 to a three-judge panel of Wake County Superior Court. On August 31, 2020, defendant responded in opposition to plaintiff's motion to stay, to which plaintiff September 14, 2020.

On October 21, 2020, the State of North Carolina ("the State"), by and through its Attorney General, moved to intervene in the instant action pursuant to 28 U.S.C. § 2403(b) and Federal Rules of Civil Procedure 5.1 and 24. Following the court's allowance of that motion, the State filed response brief, recommending a stay of this action and defending the constitutionality of S.L. 2019-245, which defendant opposes.

**STATEMENT OF FACTS**

The facts alleged in plaintiff's complaint may be summarized as follows. In the 1990s, plaintiff's mother was friends with defendant's wife, and as a result, plaintiff frequently provided care for defendant's children. (Compl. (DE 1) ¶¶ 4, 5). In December 1997, when plaintiff was 14 years old and defendant was 28, defendant allegedly dared plaintiff to "perform oral sex" on him in the bathroom, which plaintiff did. (Id. ¶ 6).

Then, on Valentine's Day in 1998, plaintiff again babysat for defendant and his wife (collectively "the Preslars"). (Id. ¶ 7). When the Preslars returned home late that night, they allegedly appeared intoxicated, so plaintiff agreed to spend the night at their house. (Id.). After defendant's wife went to bed with the children upstairs, defendant allegedly forcibly raped plaintiff, who was 15 years old at the time. (Id. ¶ 8). In 1999, plaintiff reported the alleged rape to a pastor and mental

health professionals, who contacted law enforcement. (Id. ¶ 9). However, because of plaintiff's love for the Preslar's children, she decided, at the age of 17, not to press charges. (Id.).

Some 11 years later, on January 31, 2020, plaintiff discovered through an internet search that defendant was coaching a junior varsity girls soccer team at a high school in Wake County, North Carolina. (Id. ¶ 12). Because plaintiff wanted to protect the children on the soccer team as well as their families, she contacted defendant's wife to inquire whether defendant intended to continue coaching the team. (Id. ¶ 13). In response, the Preslars allegedly attempted to silence her by threatening in a letter to sue plaintiff. (Id. ¶ 14).

## COURT'S DISCUSSION

Plaintiff seeks a stay of this matter, arguing that defendant's purported ground for dismissal, that S.L. 2019-245 in unconstitutional under the North Carolina Constitution, is being litigated currently in North Carolina state courts. The State joins plaintiff's request for a stay, noting two pending state court cases addressing the constitutionality of S.L. 2019-245, and anticipating more to follow.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (quoting United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

3

In determining whether to stay proceedings, courts consider the following factors: (1) the interests of judicial economy; (2) the hardship and equity to the moving party in the absence of a stay; (3) the potential prejudice to the non-moving party in the event of a stay; and (4) the length of the stay. See e.g., N. Carolina State Conf. of NAACP v. Cooper, 397 F. Supp. 3d 786, 797 (M.D.N.C. 2019); Stone v. Trump, 402 F. Supp. 3d 153, 160 (D. Md. 2019); White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D.W.Va. 2013).

Here, the foregoing factors weigh in favor of a stay. First, a stay would promote the interests of judicial economy, since the issue raised by defendant's motion to dismiss is being litigated in at least the two following cases: Joseph Cryan, et al., v. Nat'l Council of Young Men's Christian Ass'n of the U.S., No. 17-CVS-7610 (N.C. Super. Ct.), on appeal No. 20-696 (N.C. Ct. App.) and John Doe 1K v. Roman Catholic Diocese of Charlotte, No. 20-CVS-5841 (N.C. Super. Ct.). North Carolina law requires facial challenges to acts of the North Carolina General Assembly, such as S.L. 2019-245, to be "heard and determined by a three-judge panel of the Superior Court of Wake County." N.C. Gen. Stat. § 1-267.1. According to the State, the constitutional challenge raised in Cryan has been certified to a three-judge panel for decision, with the certification decision on appeal. (State Brief (DE 23) at 22). Moreover, in John Doe 1K, the court heard arguments on panel certification in September 2020, and while it had not issued an order at the time the State filed its brief, the court declined to hear the motion to dismiss after hearing arguments on certification. (Id.). Staying this action, pending decision in Cryan and John Doe 1K, will promote judicial efficiency by allowing the parties to litigate this matter with certainty as to the constitutionality of S.L. 2019-245.

Next, plaintiff would experience significant hardship in absence of a stay. In particular, if this court's ruling differed from the ultimate decision by the North Carolina Supreme Court, plaintiff "could have her claim dismissed by this Court through a final judgment only to later see an opinion

of the North Carolina Supreme Court rendering that dismissal a misapplication of state law." (State Brief (DE 23) at 25). Alternatively, if this court found S.L. 2019-245 to be constitutional, plaintiff and defendant could expend unnecessary time and expense conducting discovery and litigating a matter ultimately rendered moot if North Carolina Supreme Court decides the law is unconstitutional.

Turning to the prejudice to the non-moving party, defendant argues he would experience great prejudice in the event of a stay, relying upon Kadel v. Folwell, No. 19-CV-272, 2020 WL 1169271 (M.D.N.C. Mar. 11. 2020)). While defendant would experience prejudice in the form of delayed resolution of this case, such prejudice is relatively minor compared to the potential prejudice to the non-moving party in Kadel, who would "continue to be denied healthcare coverage for medically necessary procedures" if that case was stayed. Kadel, 2020 WL 1169271, at *19. Next, defendant argues that a stay would impair his "vested right in a statute of limitations defense," relying upon Colony Hill Condo. I Ass'n v. Colony Co., 70 N.C. App. 390 (1984). As an initial matter, this claim of prejudice is embedded within the merits of the ultimate constitutionality determination. Moreover, the United States Court of Appeals for the Fourth Circuit has cast doubt on the continued vitality of Colony Hill, a case that is over 30 years old, "because it does not recognize the recent changes in this area of the law triggered by the Supreme Court's decisions in Turner Elkhorn and Pension Benefit." Shadburne-Vinton v. Dalkon Shield Claimants Tr., 60 F.3d 1071, 1077 (4th Cir. 1995).[1]

Finally, while the length of the stay is difficult to project, as it could take any number of months for state courts to reach a decision as to the constitutionality of S.L. 2019-245, the court finds that the benefits of a stay outweigh any harm in delay. Moreover, by requiring the parties to file status

---

[1] The Fourth Circuit's opinion in Shadburne-Vinton further highlights the complexity of the constitutional issue. See Shadburne-Vinton, 60 F.3d at 1074-76 (finding "that in analyzing the constitutionality of retroactive legislation, statutes of repose are now treated the same as statutes of limitation," and that "the analysis used by the [Supreme] Court in Danzer, Chase, and Campbell is outdated and no longer valid").

reports, the court can monitor the progress of state court litigation and consider the continued utility of the stay.

In sum, after balancing the relevant factors, the court exercises its discretion to stay this matter, pending decision by North Carolina state courts as to the constitutionality of S.L. 2019-245.[2] Defendant's motion to dismiss is denied without prejudice to renewal upon lifting of the stay, if appropriate.

## CONCLUSION

Based on the foregoing, plaintiff's motion to stay (DE 12) is GRANTED, and defendant's motion to dismiss (DE 8) is DENIED WITHOUT PREJUDICE. This matter is STAYED pending decision by North Carolina courts as to the constitutionality of S.L. 2019-245. The court DIRECTS the parties, including the State, to file jointly a report indicating the status of the state court litigation, every **180 days**, or upon conclusion of the state court litigation, whichever is sooner.

SO ORDERED, this the 15th day of January, 2021.

LOUISE W. FLANAGAN
United States District Judge

---

[2] Having imposed a discretionary stay, the court declines to address the parties' arguments regarding abstention.