IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-201-FL

| | |
|---|---|
| RACHEL JENNINGS, *Plaintiff*, v. MICHAEL PATRICK PRESLAR, *Defendant*. | **180-Day Status Report by State of North Carolina** |

The State of North Carolina, by and through the Attorney General of North Carolina, hereby submits this status report per the Court's order of January 15, 2021, which directed "the parties, including the State, to file jointly a report indicating the status of the state court litigation, every 180 days, or upon conclusion of the state court litigation, whichever is sooner." [D.E. 25 at 6 (emphasis omitted)]. The State was inadvertently not included the Plaintiff's and Defendant's joint status report last week [D.E. 26], and the State submits this report to meet its obligations under the Court's Order and to provide additional information on the status of this issue in North Carolina's courts.[1]

This state constitutional issue for which this case is stayed has arisen in a number of cases across North Carolina. The undersigned cannot be sure he is aware of every case raising the issue, but the following are the primary cases known to the State:

---

[1] The State, Plaintiff, and Defendant have communicated and agree to file future status reports on behalf of all three.

First, and as noted by Plaintiff and Defendant, *Cryan v. Nat'l Council of YMCA*, No. 20-696, was recently argued in the North Carolina Court of Appeals, on whether the lower court properly certified the facial challenge for consideration by a three-judge panel under state law. No decision has been issued as of yet, and this appeal may not reach the constitutional question itself.

Unlike *Cryan*, a number of cases raising the state constitutional challenge to the SAFE Child Act have been certified as facial challenges suitable for a three-judge panel, without any appeal of the certification. At least two cases have now been assigned to such a panel, and the panel has issued a briefing order on the constitutional issue for which this case is stayed. Those cases are *Bajerski v. Walters and Walters*, No. 20 CVS 10537 (Wake County 3JP), and *Taylor v. Piney Grove FD et al.*, No. 20 CVS 13487 (Wake County 3JP). The defendants' opening brief on the constitutional issue is due this Friday, July 16, 2021. The State has sought intervention and will join in briefing the issue. A number of other cases have been similarly certified and may come before the same or a different panel.

Finally, one pair of related cases was dismissed on a motion to dismiss, *John Doe v. Roman Catholic Diocese of Charlotte*, No. 21-255 (N.C. Ct. App.), and *John Doe 1K v. Roman Catholic Diocese of Charlotte*, No. 21-254 (N.C. Ct. App.). The dismissal did not explain its basis, but the constitutional argument was among the defenses raised in support. Those cases are now on direct appeal in the North Carolina Court of Appeals, with the plaintiffs' opening briefs filed in each case on July 6, 2021. On the same day, the State filed amicus briefs in each case defending the constitutionality of the statute. Those cases

2

Case 5:20-cv-00201-FL   Document 27   Filed 07/14/21   Page 2 of 3

could be resolved on grounds that do not requiring reaching the constitutional issue, but they do raise and could reach the issue.

As noted, the State cannot be sure it is aware of every private suit across North Carolina's courts that raises or may raise the constitutional issue for which this case is stayed, but the above cases demonstrate that North Carolina's courts are actively considering this issue at present.

Respectfully submitted, this 14th day of July, 2021.

JOSHUA H. STEIN
Attorney General

/s/ Phillip A. Rubin
Phillip A. Rubin
Special Deputy Attorney General
N.C. State Bar No. 51963
prubin@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Tel: 919.716.6900

*Counsel for State of North Carolina*
